UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETRE REESE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>I. COVARRUBIAS, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-01028-EFB (PC)<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2).  The court will grant his application and screen the complaint.

Application to Proceed in Forma Pauperis

　　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1

1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff sues 1) corrections officer I. Covarrubias; 2) physician Ellen Shin; and 3) nurse Katalina Phommasak.  All three defendants are employed at Valley State Prison (VSP).  Plaintiff alleges that on September 8, 2023, Covarrubias slammed the cell door on plaintiff's left wrist

between 11:30 a.m. and noon, and never said anything to plaintiff after the incident. ECF No. 1 at 3. Plaintiff alleges his safety was threatened and his rights were violated.

Plaintiff alleges he received a corticosteroid injection and was misdiagnosed with de Quervain tenosynovitis.[1] *Id*. at 3. Plaintiff claims Shin misdiagnosed him for five months and committed medical malpractice. *Id*. at 4. Plaintiff alleges the initial treatment and misdiagnosis was because Shin lied. He alleges that Shin tried to cover up the fractured wrist and that Shin did this to protect Covarrubias. He alleges Shin made him do physical therapy for six weeks after the incident and gave him medications without knowing what was wrong and that this caused plaintiff pain and suffering. Plaintiff claims that Shin's conservative treatment failed and was an abuse of discretion, including Shin's refusal to give him a lower bunk due to his daily pain. Plaintiff also alleges Shin did not treat him equally.

Plaintiff alleges that on September 12, 2023 between 8:00 and 8:30 p.m., defendant Phommasak refused him unspecified medical treatment and abused her discretion because she let plaintiff pass out in the dayroom when he could not breathe. *Id*. at 5. Plaintiff claims that when he awoke his whole left side "gave out" because his body had gone into shock and he could not move, but Phommasak did not care and tried to make him get up and get on the gurney and refused to send him to the hospital. Plaintiff alleges Phommasak did not treat him equally and that Phommasak was negligent.

Finally, plaintiff alleges he has filed tort claims against all three defendants "for what happen[ed] to me." *Id*. at 3, 4, 5.

<u>Excessive Force (Covarrubias)</u>

For an Eighth Amendment excessive force claim, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship

---

[1] De Quervain tenosynovitis "is a painful condition affecting the tendons on the thumb side of the wrist. If you have de Quervain tenosynovitis, you will probably feel pain when you turn your wrist, grasp anything or make a fist." https://www.mayoclinic.org/diseases-conditions/de-quervain-tenosynovitis/symptoms-causes/syc-20371332.

3

between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id*. at 7; *see also id*. at 9-10 ("The Eighth Amendment prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citation omitted)). A plaintiff must demonstrate that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6-7. "[N]ot [] every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. Yet an excessive force claim does not automatically fail because the prisoner did not suffer "'some arbitrary quantity of injury.'" *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (citing and quoting *Hudson*, 503 U.S. at 9). Injury and force "are only imperfectly correlated," and the nature of the force applied to the prisoner is the factor that ultimately matters. *Id*. at 38-39. The prisoner must show that force was applied maliciously and sadistically, rather than as part of a good faith effort to maintain or restore discipline. *Id*. at 40.

Plaintiff's complaint fails to allege the circumstances surrounding Covarrubias's slamming the cell door on plaintiff's wrist, and thus fails to sufficiently allege that Covarrubias acted maliciously and sadistically to cause harm rather than as part of a good faith effort to maintain or restore discipline. For these reasons, the complaint fails to state an Eighth Amendment claim for excessive use of force against Covarrubias.

<u>Deliberate Indifference – Failure to Protect (Covarrubias)</u>

To the extent plaintiff's claim against Covarrubias might be construed as an Eighth Amendment failure to protect claim, the claim fails for similar reasons. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and unusual punishment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). A violation of the Eighth Amendment requires a showing of both an "objective component" – the objective seriousness of the challenged condition, and a "subjective component" – the responsible official's subjective state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Eighth Amendment

imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832. Where a prisoner alleges injuries stemming from an objectively unsafe condition of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (citing *Farmer*, 511 U.S. at 835). A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 832. Because the sufficiency of a conditions-of-confinement claim depends upon the particular facts of each situation, the "circumstances, nature, and duration" of the challenged conditions must be carefully considered. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Thus, a showing of deliberate indifference rests on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer de minimis injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988), *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S. Ct. 1728 (1992).

The complaint fails to allege sufficient facts showing an objectively unsafe condition posing a substantial risk of serious harm, or that Covarrubias had subjective knowledge of such a substantial risk and obdurately and wantonly disregarded it. For these reasons, the complaint fails to state an Eighth Amendment claim for failure to protect against Covarrubias.

<u>Deliberate Indifference - Serious Medical Needs (Shin and Phommasak)</u>

To succeed on an Eighth Amendment claim predicated on deliberate indifference to

1  medical need, a plaintiff must establish that: (1) she had a serious medical need; and (2) the
2  defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091,
3  1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical
4  need exists if the failure to treat the condition could result in further significant injury or the
5  unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may
6  be shown by denial, delay, or intentional indifference toward medical treatment, or by the way in
7  which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

8        To act with deliberate indifference, a prison official must both be aware of facts from
9  which the inference could be drawn that a substantial risk of serious harm exists, and he must also
10 draw the inference. *Farmer*, 511 U.S. at 837. Thus, a defendant will be liable for violating the
11 Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and
12 disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician
13 need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment
14 rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently
15 treat a serious medical condition even if some treatment is prescribed, may constitute deliberate
16 indifference in a particular case. *Id.*

17       However, it is important to differentiate common law negligence claims of malpractice
18 from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual
19 punishment in asserting the latter. "Mere 'indifference,' 'negligence,' or 'medical malpractice,'
20 will not support an Eighth Amendment claim. *Broughton v. Cutter Laboratories*, 622 F.2d 4548,
21 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d
22 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices of treatment, a
23 prisoner must show that the chosen course of treatment 'was medically unacceptable under the
24 circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's]
25 health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Further, a plaintiff
26 must have suffered some type of pain or harm that is more than de minimis in order to implicate
27 the Eighth Amendment. *See, e.g.*, *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,
28 407 (9th Cir. 1985) ("delay of surgery, without more, is insufficient to state a claim of deliberate

medical indifference … unless the denial was harmful").

<u>Shin</u>.  Generously construing the complaint, plaintiff alleges that he suffered a fractured wrist from the slammed door and that Shin failed to diagnose the fracture until five months later. In the interim, Shin misdiagnosed his condition as de Quervain tenosynovitis, and prescribed a course of conservative treatment including corticosteroid injection, unspecified medications, and six weeks of physical therapy, but not a lower bunk.  The conservative treatment allegedly failed. The complaint fails to allege that an immediate diagnosis of a fractured wrist would have required materially different medical care, or indeed that plaintiff actually received materially different medical care after the fracture was diagnosed.  The complaint equally fails to allege that the conservative treatment prescribed by Shin posed a substantial risk of serious harm to plaintiff, or that Shin disregarded such a risk by failing to take reasonable measures to abate it.  In other words, the complaint fails to allege that any delay in care for the fractured wrist, versus the prescribed care for de Quervain tenosynovitis, placed plaintiff at substantial risk of serious harm that was disregarded by Shin.

The complaint also fails to support plaintiff's bare allegation that Shin misdiagnosed plaintiff's wrist injury in order to protect Covarrubias.  The complaint makes clear that prison authorities acknowledged the door slam event and provided medical care.  There is nothing to indicate that Shin's initial de Quervain tenosynovitis diagnosis would have affected any consequences to Covarrubias any differently than an immediate diagnosis of a fractured wrist. The misdiagnosis, in and of itself, does not show any deliberate indifference motivated by a desire to protect Covarrubias.  For all these reasons, the complaint fails to state any Eighth Amendment claim against Shin.

<u>Phommasak</u>.  Initially, the court notes that the complaint fails to show that plaintiff's claim against Phommasak based on the incident of September 12, 2023 is related to the door slamming incident of September 8, 2023 and the treatment plaintiff received for his wrist injury. The complaint alleges that on September 12, 2023, plaintiff could not breathe, he passed out, and his body went into shock.  The complaint fails to show how or why Phommasak could have prevented plaintiff from passing out in the day room, or how "letting" plaintiff pass out

demonstrates deliberate indifference to any serious medical need. It is also unclear how trying to have plaintiff get himself onto the gurney might have disregarded any substantial risk of serious harm to plaintiff. Nor has plaintiff shown he had any serious medical need to be transported to the hospital. For all these reasons, the complaint fails to state any Eighth Amendment claim against Phommasak.

For purposes of this screening, the court has presumed that the events of September 12, 2023 may be sufficiently related plaintiff's wrist injury to permit the claim against Phommasak to proceed if any of plaintiff's other claims survive screening. However, plaintiff is cautioned that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "When a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for the purpose of § 1915(g)." *Id.* Plaintiff will be given an opportunity to amend his complaint, including his claim against Phommasak. Plaintiff should be aware that if he files an amended complaint that does not demonstrate how his claim against Phommasak is related to his other claims, and if the amended complaint is screened out, plaintiff may incur an additional strike under § 1915(g).

Disparate Treatment (Shin)

A claim for violation of the equal protection clause of the Fourteenth Amendment requires a showing that the defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 704 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Prisoners are protected from intentional discrimination based on their race, religion, or sexual orientation. *Hill v. Rhude*, 556 F. Supp. 3d 1144, 1150 (D. Nev. 2021) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); and *United States v. Windsor*, 570 U.S. 744, 769-70 (2013)). The complaint alleges that Shin did not treat plaintiff equally but fails to describe how Shin treated plaintiff differently than other inmates and fails to allege that any difference in treatment was because of plaintiff's membership in any protected class. For all these reasons, the complaint fails to state a Fourteenth Amendment equal protection claim against

Shin.

State Tort Claims (All Defendants)

Although the complaint alleges civil rights claims against all defendants, plaintiff also indicates that his claim against Shin is for "medical malpractice" and his claim against Phommasak is for "negligence." ECF No. 1 at 4, 5. Plaintiff has filed tort claims against all three defendants. *Id.* at 3, 4, 5. The California Tort Claims Act (GCA)[2] requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2. Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Plaintiff has sufficiently alleged compliance with the GCA.

This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The court may also decline to exercise supplemental jurisdiction over state law claims if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). At this screening stage, the court is dismissing all of plaintiff's § 1983 federal claims with leave to amend. None of plaintiff's § 1983 federal claims will proceed unless plaintiff files an amended complaint that survives screening. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims unless and until plaintiff files an amended complaint stating a federal claim under § 1983 that survives screening.[3]

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If Plaintiff chooses to file an

---

[2] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act." *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[3] If plaintiff wishes to continue pursuing state law claims, he must re-allege them in any amended complaint he may file.

9

amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the identify of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id*. The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF NO. 1) is DISMISSED with leave to amend within 30 days of services of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11